IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TIMOTHY R. MOST | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-98 |
| DEREK EDGE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy R. Most, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the District of Kansas. On April 30, 2007, petitioner was sentenced to 183 months of imprisonment for conspiring to distribute and possess with intent to distribute methamphetamine, and use of a firearm in furtherance of a drug trafficking crime. The judgment was silent as to whether the sentence ran concurrently with, or consecutively to, petitioner's previously-imposed state sentence. Petitioner's federal sentence was later reduced to 180 months of imprisonment.

## The Petition

Petitioner contends that the sentencing court should have adjusted his sentence under § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time spent in custody, which had been credited to a related state sentence.

## Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he challenges the legality of the sentence imposed as a result of his conviction.

Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Title 28 U.S.C. § 2241 is correctly used to attack the manner in which a sentence is executed. *Id.*

A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence filed pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A petitioner may use § 2241 as the vehicle for attacking a conviction only if it appears the remedy by motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion filed under § 2255. *Jeffers*, 253 F.3d at 830. Neither a prior unsuccessful § 2255 motion to vacate, nor the inability to meet the requirements for filing a successive motion to vacate, makes the remedy provided by § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth two requirements a petitioner must satisfy to file a § 2241 petition in connection with the savings clause of § 2255. In *Reyes-Requena v. United States*, the Fifth Circuit held that the savings clause of § 2255 applies to a claim that: (1) is based on a Supreme Court decision which is retroactively applicable on collateral

review and which establishes that the petitioner may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time when the claim could have been asserted in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first, or actual innocence, prong of this test, a petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Id*.

In this case, petitioner has failed to meet the first prong of the *Reyes-Requena* test. A challenge to the application of the Sentencing Guidelines is not the type of claim that warrants relief under § 2241 because it challenges the punishment imposed for the conviction rather than the conviction itself. *Kinder v. Purdy*, 222 F.3d 213-14 (5th Cir. 2000) (claim of actual innocence of a guideline enhancement is not properly raised in a § 2241 petition because petitioner was not claiming actual innocence of the crime, only of the enhancement).

As the ground for review set forth in the current petition does not meet the requirements set forth in *Reyes-Requena*, petitioner has not demonstrated the remedy provided for in § 2255 is insufficient to challenge his detention. This petition should therefore be dismissed.

## Recommendation

This petition for writ of habeas corpus should be dismissed.

## Objections

Within fourteen days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 2nd day of June, 2017.**

*[signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE