IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TIMOTHY R. MOST | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-98 |
| WARDEN, FCI TEXARKANA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Timothy R. Most, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration under the applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition for writ of habeas corpus. Docket No. 3.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation. Docket No. 5.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner contends that: (1) the sentencing court failed to properly apply the United States Sentencing Guidelines; (2) counsel was ineffective for failing to argue that the Sentencing Guidelines mandated a concurrent sentence; (3) the prosecution misled the sentencing Court

regarding the Court's authority to impose a concurrent sentence; (4) the sentencing Court failed to credit the petitioner for time spent in state custody; and (5) counsel was ineffective for failing to request credit for the time the petitioner spent in state custody. Docket No. 5 at 1. The petitioner requests to be resentenced, applying § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time credited to a related sentence imposed by a state court.

The petitioner's claims do not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of the sentence as imposed, based on the sentencing Court's alleged failure to apply a provision of the Sentencing Guidelines to reduce the petitioner's federal sentence. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

While the petitioner cites cases under the Third Circuit (Docket No. at 2–3), this Court is bound by Fifth Circuit precedent, which holds that the savings clause of § 2255(e), which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test. The petitioner's claims do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the petitioner's ground for review is not based on a

retroactively applicable Supreme Court decision, and it was not foreclosed at the time of trial. Therefore, the petitioner may not pursue his claim concerning his sentence in a habeas petition filed under § 2241.

## **ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**SIGNED this 14th day of February, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE